IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUFRENIO HERNANDEZ-HERNANDEZ, )
                              )   Civil No. 05-404-JE
          Petitioner,         )
                              )
     v.                       )
                              )
GUY HALL,                     )
                              )   FINDINGS AND RECOMMENDATION
          Respondent.         )

    Bryan E. Lessley
    Assistant Federal Public Defender
    151 W. Seventh Avenue, Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the constitutionality of his guilty and no-contest plea convictions for Aggravated Murder, Attempted Murder, and Assault in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On July 29, 1997, petitioner was indicted by the Multnomah County grand jury on four counts of Aggravated Murder with a Firearm, three counts of Attempted Murder with a Firearm, and one count of Assault in the First Degree with a Firearm. Respondent's Exhibit 102. Petitioner pled guilty to all of the Aggravated Murder charges and one of the Attempted Murder charges, and pled no-contest to the remaining charges. Respondent's Exhibit 103. Petitioner was sentenced to life without the possibility of parole on the Aggravated Murder charges, and concurrent 90-month terms arising out of the no-contest pleas. Respondent's Exhibit 106, pp. 41-42.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals summarily affirmed the trial court. Respondent's Exhibit 109. Petitioner did not petition the Oregon Supreme Court for review.

2 - FINDINGS AND RECOMMENDATION

Petitioner next filed for post-conviction relief ("PCR") in Malheur County, where the PCR trial court denied relief. Respondent's Exhibit 119, pp. 10-11; Respondent's Exhibit 120. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court denied review. <u>Hernandez-Hernandez v. Lampert</u>, 195 Or.App. 762, 100 P.3d 218 (2004), <u>rev. denied</u>, 338 Or. 16, 107 P.3d 26 (2005).

Petitioner filed his federal Petition for Writ of Habeas Corpus on March 23, 2005 raising four grounds for relief. The court summarizes petitioner's claims as follows:

1. Petitioner's conviction was obtained by a plea of guilty which was not made voluntarily with an understanding of the charge;

2. The prosecution failed to disclose evidence favorable to the defendant during the course of his trial preparation and proceedings;

3. Petitioner was denied effective assistance of counsel when his defense attorney did not advise him that he would not be eligible for parole; and

4. Petitioner suffered from ineffective assistance of appellate counsel when his attorney filed a brief pursuant to Oregon's "Balfour" procedure.

Respondent asks the court to deny relief on the Petition because: (1) none of petitioner's claims were fairly presented to Oregon's state courts, and are now procedurally defaulted; and (2) the state court decisions denying relief on petitioner's claims were neither contrary to, nor unreasonable applications of, clearly established federal law.

3 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I. **Unargued Claims**.

In his supporting memorandum, petitioner "argues in favor of claim 3, relating to the ineffective assistan[ce] of his trial counsel. [Petitioner] does not abandon his other claims, but relies on the existing record in support of them." Memo in Support (#42), p. 2. The court has reviewed these unargued claims and determined that they do not entitle petitioner to habeas corpus relief.

Petitioner's remaining claim is that he received ineffective assistance of counsel when his defense attorney did not advise him that he would not be eligible for parole. Because petitioner's Ground Three claim fails on its merits, the court declines to address the exhaustion defense raised by respondent. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

II. **The Merits**.

   A. **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence

4 - FINDINGS AND RECOMMENDATION

presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

**B.    Analysis.**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v.

5 - FINDINGS AND RECOMMENDATION

Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

During petitioner's PCR trial, he testified that counsel advised him that in exchange for his pleas, he would receive a life sentence with the possibility of parole. Respondent's Exhibit 115, pp. 6-7. Lead counsel from petitioner's criminal case filed a competing affidavit in which he countered that "[i]t was made clear to [petitioner] that he would receive life imprisonment without the possibility of parole." Respondent's Exhibit 116, p. 2. The PCR trial court concluded that petitioner was simply not credible:

6 - FINDINGS AND RECOMMENDATION

> It's pretty inconceivable to me that the defendant, plaintiff here, didn't understand what he was doing. It seems also to me, particularly so having read the very articulate statement that the petitioner here read at his sentencing, one could not help but conclude that he is obviously intelligent and articulate. And to believe that in this process that if he truly misunderstood, that he truly couldn't understand his interpreters as he faced the possibility here of perhaps the death penalty, perhaps life in prison, just strains credibility beyond its limits.

Respondent's Exhibit 119, p. 11. The PCR trial court's finding regarding petitioner's credibility is a factual finding which may only be overcome by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Petitioner relies on his PCR trial testimony to overcome the PCR trial court's credibility finding and support his ineffective assistance of counsel claim. Petitioner's testimony during his PCR trial does not constitute clear and convincing evidence to rebut that court's credibility determination. This is especially true in light of the fact that the record before the PCR trial court contained: (1) the affidavit from petitioner's lead criminal trial attorney (referenced above); (2) the Plea Petition which identifies petitioner's life sentence as "Life without parole. . ." ; (3) the Agreement and Stipulation of Sentence in which petitioner agreed to the sentence of "life without the possibility of release or parole . . ."; and (4) the extensive colloquy during petitioner's change of plea hearing in which the trial judge satisfied himself that

7 - FINDINGS AND RECOMMENDATION

petitioner understood the terms of his Plea Petition. <u>See</u> Respondent's Exhibits 116, p. 2; 103; 104; 105, pp. 4-20.

In addition, even if counsel had misinformed petitioner regarding the nature of his sentence, petitioner never testified before the PCR trial court that he would have insisted on proceeding to a capital trial. Accordingly, petitioner cannot meet <u>Strickland</u>'s prejudice requirement. <u>See</u> <u>Hill</u>, supra.

For these reasons, the PCR trial court's decision denying relief on petitioner's Ground Three claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Relief on the Petition should therefore be denied.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge

8 - FINDINGS AND RECOMMENDATION

will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

    DATED this  22nd  day of May, 2007.

                               /s/ John Jelderks
                               John Jelderks
                               United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION